1

Cherrell Ann Butler
1112 South Normandie Avenue, #6
Los Angeles, CA 90044
(323) 282-6480
Message Phone: (562) 650-5333

PLAINTIFF

IN PROPRIA PERSONA

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

10

11

**Cherrell Ann Butler, an**
**Individual and Personal**
**Representative For Estate of**
**Alvier Lorce Boyd, Deceased**

    **Plaintiff,**

    v.

**CHASE BANK aka JP**
**MORGAN CHASE BANK, N.A.**
**in its corporate capacity**

    **Defendant.**

12

13

14

15

16

17

18

19

20

21

22

Case No.: **CV22-2840-RGK (ASx)**

**(1) VERIFIED COMPLAINT FOR RELEASE OF PERSONAL PROPERTY $74,239.22 PURSUANT TO CALIFORNIA PROBATE CODE §§ 13100-13116. THE PROBATE COURT RULED THAT THIS WAS NOT A PROBATE CASE, BECAUSE THE AMOUNT WAS LESS THAN $150,000.00, see EXHIBIT A.**

**(2) BAD FAITH**

**(3) THERE IS NO PROBATE, AS THE AMOUNT IS LESS THAN $150,000.00, PROBATE CODE §§ 13100-13116**

**(4) BREACH OF CHASE BANK'S OWN POLICY AND CONTRACT, THE AMOUNT IS LESS THAN $150,000.00, IT IS NOT A PROBATE CASE**

**EXHIBITS IN SUPPORT**

**LEAVE TO AMEND**

23

24

**VERIFIED CLAIM FOR RELEASE OF PERSONAL PROPERTY OF ALVIER LORCE BOYD, DECEASED, PURSUANT TO CALIFORNIA PROBATE CODE §§ 13100-13116**

**JURISDICTION IS PROPER, AS: (1) THE PERSONAL PROPERTY IS LESS THAN $150,000.00, (2) THIS IS A CIVIL MATTER, (3) THERE IS NO REAL PROPERTY INVOLVED, NO SPOUSE, NO TRUST, AND (4) COMPLAINT AGAINST JP MORGAN CHASE BANK, N.A. FOR HOLDING THE PERSONAL PROPERTY/MONEY AT 12645 SOUTH HAWTHORNE BLVD., HAWTHORNE, CALIF. 90250**

25

26

27

28

**JURISDICTION**

1. This Court has jurisdiction under Title 28 U.S.C. §§ 1331, because banking is federal, and there is a federal question involving Defendant CHASE BANK aka JP MORGAN CHASE BANK, N.A ("CHASE"). The State Court does not have jurisdiction, as it is not a probate case per California Probate Code §§ 13100-13116, and the amount is less than $150,000.00. There is no real property involved, there is no spouse, and there is no Trust.

**PARTIES**

2. Plaintiff is myself, Cherrell Ann Butler ("Plaintiff," "me," "my," "I," "mine,", "myself"), an individual living at 1112 South Normandie Avenue #6, Los Angeles, CA 90044. I had Power of Attorney over my Aunt, Alvier Lorce Boyd, and still have Power of Attorney over her Estate. I was my Aunt's Personal Representative, and have been handling all my Aunt's affairs at CHASE BANK aka JP MORGAN CHASE BANK, N.A. in Hawthorne since around 2009, Account No.: 000003173774437. My Aunt became totally disabled around 2013, and passed away in 2018. My Verified Complaint is to compel CHASE BANK to release to me the personal property in the checking account of my Deceased aunt, Alvier Lorce Boyd ("Boyd"), consisting of $74,239.22.

3. Defendant CHASE BANK aka JP MORGAN CHASE BANK, N.A ("CHASE") is being sued in its corporate capacity doing business from 12645 South Hawthorne Blvd., Hawthorne, CA 90245. CHASE has refused to release the funds in my Deceased Aunt's account to me, her niece and living relative, Personal Representative and Power of Attorney. CHASE has violated California Probate Codes, acted in bad faith, violated California Probate Code §§ 13100-13116, and violated the terms of their own Forms.

**STATEMENT OF THE CASE**

4. My Complaint is against JP MORGAN CHASE BANK, N.A. ("CHASE") to release the personal property of my Deceased Aunt, Alvier Lorce Boyd ("Boyd") to me, consisting of $74,239.22 in her checking account, which I have been managing since around 2009. CHASE has repeatedly refused, giving me one excuse after another, making me jump through hoops such as filling out CHASE's Forms which were denied, and other obstructions in spite of the fact that the bank tellers are very familiar with me and my Aunt. I filled out all of CHASE's Forms and got

them Notarized, I was compelled to go to state court to obtain a court order which CHASE

arbitrarily demanded in spite of the fact that this is not a probate case per California Probate Code

§§ 13100-13116 as the funds are less than $150,000.00, there is no spouse, no Trust, and no real

property. The Probate Court ordered me to run a Notice in the newspaper, which I did. CHASE's

denying me these funds has caused great hardship, as I have been unable to pay my deceased Aunt's

bills, settle other family affairs, and properly administer her Estate. CHASE has no right to

withhold the funds in my Deceased Aunt's Account No.: 000003173774437 by saying it is in a

Trust when it is not. Based on California Probate Code §§ 13100-13116, it does not matter whether

it is a Trust, an individual, or whatever, it is less than $150,000.00.

## STATEMENT OF FACTS

5. I have been handling my Aunt, Alvier Lorce Boyd's affairs at CHASE in Hawthorne

since around 2009, Account No.: 000003173774437, and have Power of Attorney to do this.

CHASE's tellers at the Hawthorne Branch at 2645 South Hawthorne Blvd., Hawthorne, CA 90245

are very familiar with me and my Aunt. CHASE has Proof of my Power of Attorney, and has proof

that I have been handling all my Aunt's transactions. CHASE sends me bank statements every

month reflecting the funds still there in my deceased Aunt's account. Statements are sent to my old

address at my family home at 1719 W. 126th St., Los Angeles, CA 90047-5257.

6. My Aunt became totally disabled around 2013, and passed away in 2018. I cared for

her daily; there is no doubt that I am a family member. I gave Proof to the bank that I have been

handling my Deceased Aunt's affairs at CHASE in Hawthorne since around 2009, Account No.:

000003173774437. The tellers know that I still hold the key to my Deceased Aunt's safe deposit

box. I still receive statements from CHASE, showing that the funds are still there. When my Aunt

passed, CHASE gave me a Form to fill out to release the funds in my Aunt's account to me, see

EXHIBIT A copy of CHASE's Affidavit for Collection of Personal Property Pursuant to California

Probate Code §§ 13100-13116 (2 pages), and EXHIBIT B copy of CHASE's Small Estate

Declaration – both of CHASE's own Forms I filled out and had Notarized.

1       7. After I got CHASE's Forms Notarized, I took them back to CHASE and was told by Jo

2   Anne from CHASE that my deceased Aunt's funds still would not be released to me, that she

3   needed a Court Order from a probate court releasing the bank from responsibility.

4       8. I filed a case in Probate Court, Case No.: 19-ST-PB-08880, because CHASE told me I

5   had to get a Court Order to release my Aunt's funds. Based on CHASE's <u>own Forms</u>, all I needed

6   was to fill them out, get them Notarized, and CHASE would release the funds to me, which CHASE

7   refused to do. The Probate Court ruled that they didn't have jurisdiction because this is not a

8   probate case and the amount is less than $150,000.00, so they couldn't issue an Order based on

9   California Probate law, and that CHASE had to release the funds to me, which CHASE has refused

10   to do. The Probate Court ordered me to publish a Notice in the newspaper. Nobody responded or

11   came forth with any Claim to my deceased Aunt's Estate, see EXHIBIT C copy of Proof of

12   Publication. CHASE never responded or objected to my Probate Court case.

13       9. When I filed in Probate Court under Case No.: 19-STPB-08880, CHASE bank did not

14   respond or object to the Judge's ruling, so they cannot say anything in this Court, either. There is

15   no opposition or objection, the money is still there, see EXHIBIT D copy of bank statement.

16       10. I still hold the key to my Aunt's safe deposit box; CHASE is refusing to give me access.

17       11. CHASE's other excuse not to release the funds to me, was to try to tell me that my

18   Aunt's checking account was in a "Trust" and for me to show CHASE "trust papers" which I don't

19   have because there is no Trust. There is nothing recorded in the County Recorder saying that there

20   is a Trust. I asked CHASE to show me so-called Trust papers, and I was told that they don't have

21   any. Based on California probate law, it does not matter whether it is a trust, an individual, or

22   whatever, it is less than $150,000.00 and doesn't apply here.

23       12. I went to extra lengths with correspondence and letters to avoid having to engage in

24   further litigation, see EXHIBITS E and F copies of letters.

25       13. I have been, and am continually being injured by CHASE's refusal to release my

26   Deceased Aunt's funds to me, which has caused me great stress and unnecessary hardship and

27   expense with this needless denial of the funds, and having to file in Probate Court. Based on

28   CHASE's <u>own documents and Forms</u>, the Bank should have released the funds to me in 2019. I

1   went to Probate Court.  I filled out CHASE's own Forms, and got them Notarized.  I sent letters.

2   All to no avail.  In the meantime, I have been left with unpaid bills, unpaid rent, stress, and sleepless

3   nights.  The money is still there, see EXHIBIT D copy of bank statement.  I have the most current

4   statement from April 14, 2022.

5                                                      **FIRST CLAIM FOR RELIEF**

6   **Against Defendant CHASE: Verified Complaint For Release Of Personal Property $74,239.22 Pursuant To California Probate Code §§ 13100-13116.  The Probate Court ruled that this was**

7   **not a probate case, because the amount was less than $150,000.00; CHASE did not respond or object in the Probate Case No.: 19-ST-PB-08880**

8

9       14.  Plaintiff incorporates each and every allegation set forth above against the Defendant.

10      15.  I gave Proof to CHASE that I have been handling my Deceased Aunt's affairs at

11  CHASE Bank branch in Hawthorne since around 2009, Account No.: 000003173774437.  The bank

12  Clerks are aware that I, Plaintiff Cherrell Ann Butler, have been a very regular customer, was my

13  Aunt's Representative, had Power of Attorney, and handled all my Aunt's affairs including but not

14  limited to: collecting rent, paying bills and paying for upkeep and repairs.

15      16.  Defendant CHASE has repeatedly refused to release my Deceased Aunt's money to me

16  by saying it is a probate case when it is not.  Based on CHASE's own documents and Forms, the

17  Bank should have released the funds to me in 2019, but instead has refused, causing hardship to me

18  and needless delay.  There is no reason for CHASE to withhold the funds in my Aunt's account

19  from me.  This is a civil matter, because it is not a probate case.  The Probate Court ruled that this

20  was not a probate case, the funds should be released to me, and CHASE did not respond or object.

21  The Probate Court said that in order for this to be a probate case pursuant to California Probate

22  Code §§ 13100-13116, the amount in question has to be over $150,000.00 which it is not.

23      17.  For Defendant's violation of California Probate Code §§ 13100-13116, Plaintiff is seeking

24  CHASE's immediate release to me of the funds they are holding in my deceased Aunt's checking

25  Account No.: 000003173774437 in the amount of $74,239.22 for this cause of action.

26                                                  **SECOND CLAIM FOR RELIEF**
                                                   **Against Defendant CHASE for bad faith**

27      18.  Plaintiff incorporates each and every allegation set forth above against the Defendant.

28

19. CHASE disobeyed California Probate law, and disobeyed their own policy, that all I needed to show was that the amount was under $150,000.00, which I did. This case did not involve a trust, a will, or probate court. There is no real property, no spouse, and no Trust,

20. CHASE Branch Manager, Nikki Samuels, at 12645 South Hawthorne Blvd., Hawthorne, Calif. 90250 gave me papers to fill out and get Notarized to release the funds, see EXHIBIT A copy of CHASE's Affidavit for Collection of Personal Property Pursuant to California Probate Code §§ 13100-13116 (2 pages), and EXHIBIT B copy of CHASE's Small Estate Declaration, which Nikki Samuels gave me, and said that was all I needed for CHASE to release the funds to me. I added 3 more pages: the Death Certificate and the bank statement, got all of it all Notarized on September 5, 2019, and delivered it back to Nikki Samuels. CHASE's bank manager then told me to take it to Court and get a Court Order to release the funds. Ugh! I did that – filed Case No.: 19 STPB 08880. The Probate Judge said that it was not a probate case, because it was under $150,000.00, and that the Affidavit that CHASE gave me was sufficient to release the funds. I went back to CHASE, and told the manager what the Court said. The bank manager insisted that I still needed a Court Order to get the money released. I went back to the probate court and insisted that my documents be filed in probate court, because CHASE refused to take my papers to release Boyd's funds unless there was an Order from the Probate Court. On 10/18/2019, I was told by Judicial Officer Honorable Brenda Penny that this was not a probate case because the personal property was less than $150,000.00. Honorable Penny Ordered me to run my deceased Aunt Boyd's death in the newspaper to see if there were any other parties with interest in Boyd's estate, or if there were any claims for real property, see EXHIBIT C copy of Proof of Publication. Nobody came forth with a Claim, and CHASE never responded or objected in the Probate Court.

21. For Defendant's bad faith and stalling tactics, Plaintiff is seeking $50,000.00 Damages from Defendant CHASE.

**THIRD CLAIM FOR RELIEF**
**Against Defendant CHASE. The Probate Court ruled in Case No.: 19-STPB-08880 that this is not a probate case, because the amount is less than $150,000.00, Probate Code §§ 13100-13116.**

22. Plaintiff incorporates each and every allegation set forth above against the Defendant.

23. CHASE insisted that I produce "trust papers," which there is no Trust. This was a stalling and obstructive maneuver by CHASE, as CHASE's own Forms showed that all they needed to see, was that the amount was under $150,000.00. There is no dispute about the amount of money to be released. CHASE told me they only needed a Court Order to release CHASE from any liability for transferring Boyd's personal property to me consisting of $74,239.22 held in CHASE Checking Account No. 000003173774437. The dispute between myself and CHASE, is that CHASE Branch Manager, Nikki Samuels, at 12645 South Hawthorne Blvd., Hawthorne, Calif. 90250, told me that the account is with a "Revocable Living Trust," but CHASE has not been able to produce any Trust papers. I have no knowledge of any Trust, and have been banking with CHASE since 2013 on behalf of my Aunt Boyd until Boyd passed away on August 1, 2018. I checked with the County Recorder; there is no Trust, living or otherwise. I also ran a Notice in the newspaper. Again, no Trust materialized. CHASE has not produced Trust papers. Based on the probate court Affidavits filed with this case, if the amount is under $150,000.00, it doesn't matter whether it's in a Trust or not, the amount can and should be released to me, Cherrell Ann Butler.

24. I went above and beyond to find evidence of a Trust; there is none. CHASE has not produced Trust papers, either. Nobody responded to my Publication Notice. CHASE never responded or objected to my Probate case.

25. I also went above and beyond with letters to bring about resolution and settlement to avoid further litigation and delay, see EXHIBIT E copy of letter to CHASE Executive Office, and EXHIBIT F copy of letter to Kit Gardner, attorney for CHASE. Nothing has worked. CHASE never responded or objected to the Claim I filed in the Probate Court. Justice delayed has been justice denied to me.

26. For Defendant CHASE's violation of California Probate Code §§ 13100-13116, Plaintiff is seeking CHASE's immediate release to me of the funds they are holding in my deceased Aunt's checking Account No.: 000003173774437 in the amount of $74,239.22 for this cause of action.

**FOURTH CLAIM FOR RELIEF**
**Against Defendant CHASE. Breach of CHASE BANK's own policy and contract, the amount is less than $150,000.00, it is not a probate case.**

27. Plaintiff incorporates each and every allegation set forth above against the Defendant.

28. CHASE's <u>own Forms</u> showed that all they needed from me to release my deceased Aunt's funds, was to fill out their <u>own forms</u>, as it was not a probate case, and instead was a small estate less than $150,000.00, see EXHIBITS A and B.

29. For Defendant CHASE's breach of their <u>own forms</u>, Plaintiff is seeking CHASE's immediate release to me of the funds they are holding in my deceased Aunt's checking Account No.: 000003173774437 in the amount of $74,239.22 for this cause of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and an Order against Defendant CHASE as follows:

A. That judgment be entered in my, Plaintiff Cherrell Ann Butler's favor and against Defendant CHASE BANK aka JP MORGAN CHASE BANK, N.A. for Damages in the amount listed in each monthly bank statement for Account No.: 000003173774437 issued by CHASE and mailed to Cherrell Ann Butler at 1719 W. 126th St., Los Angeles, CA 90047-5257, and that said money in the amount of $74,239.22 be released to me, Cherrell Ann Butler forthwith;

B. For Damages in the amount of $50,000.00 to be awarded to me, Plaintiff Cherrell Ann Butler and against CHASE BANK aka JP MORGAN CHASE BANK, N.A. for violating the Probate Court's decision, that this is not a probate case as the amount was less than $150,000.00 per California Probate Code §§ 13100-13116, for delay, for bad faith in not responding to the Probate Court, and for continually denying and harassing me AFTER I filled out CHASE's own Forms to release the funds and had them Notarized, and for harassing me about a Trust that doesn't exist;

C. For an Order that Defendant CHASE produce any and all documents showing that there is a Trust;

D. For an Order that Defendant CHASE produce documents showing that CHASE took over the Account No. 000003173774437 from Washington Mutual,

E. For Costs for me, Plaintiff Cherrell Ann Butler being forced to file in Probate Court, and for costs for secretarial services and legal research, and

F. For any and all other relief this Court deems is just and proper.

_Cherrell Ann Butler_                        4-27-2022
Cherrell Ann Butler, in pro per                    Date

## Affidavit for Collection of Personal Property
## Pursuant to California Probate Code §13100-13116

I, _Cherrell Ann Butler_, state as follows:

1. _Alvier Lorese Boyd_ (name of decedent), died on _7/1/2018_ (date of death) in the County of _Los Angeles_, California.

2. At least 40 days have passed since the death of the decedent, as shown by **the attached certified copy of the decedent's death certificate.**

3. ☐ No proceeding is now being or **OR**     ☒ The decedent's Personal Representative has been conducted in California          has consented in writing to the for administration of the decedent's          payment, transfer, or delivery of the estate.                                               property described in this declaration.

4. The current gross value of the decedent's real and personal property in California, excluding the property described in Probate Code §13050, does not exceed $150,000.00.

5. ☐ An inventory and appraisement **OR**     ☒ There is no real property in the estate. of the real property included in the decedent's estate is attached.

6. The following property is to be paid, transferred or delivered to the undersigned according to Probate Code § 13006 (describe the property to be transferred):

   _74, 239. 22_

7. The successor(s) of the decedent, as defined in Probate Code § 13006 is/are:

   _Cherrell Ann Butler_

8. I am:
   ☐ a successor(s) of the decedent **OR**     ☒ authorized under Probate Code §13051 to the decedent's interest in the          to act on behalf of the decedent's described property.                              successor(s) with respect to the decedent's interest in the described property.

9. No other person has a right to the interest of the decedent in the described property.

10. I request that the above-described property be paid, delivered or transferred to the undersigned.

# Exhibit A (page 1 of 2)

## Affidavit for Collection of Personal Property
## Pursuant to California Probate Code §13100-13116 - continued

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 3/17/20 Sign Name _Cherrell Ann Butler_ Print Name _Cherrell Ann Butler_
(If more than one declarant is entitled to receive the described property, all need to sign this affidavit.  If this is the case, additional declarants can sign below and on an additional page.)

Date_____Sign Name_____Print Name_____

Date_____Sign Name_____Print Name_____

Date_____Sign Name_____Print Name_____

Date_____Sign Name_____Print Name_____

### Acknowledgement
### (By Notary Public)

State of California                    )
County of __Los Angeles__         )
                                      )

On __March 17, 2020__ (date) before me, personally appeared __Cherrell A. Butler__
[1] **who** proved to me on the basis of satisfactory [2] **evidence** to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal.

Signature:_____

Print Name: __Genesis Baltazar__

My commission expires:

__Jan. 31, 2023__

(Seal)

GENESIS BALTAZAR
Notary Public - California
Los Angeles County
Commission # 2276146
My Comm. Expires Jan 31, 2023

## Notarial Certificate
## Attached

# Exhibit A (page 2 of 2)



**SMALL ESTATE DECLARATION**
(Cal. Prob. Code §§ 13100-13116, 12570)

The person(s) listed as signer(s) of this document ("affiant(s)" or "declarant(s)") declare(s) as follows:

1.  (Decedent's Name) **ALVIER LORCE BOYD** died on (date) **AUGUST 1, 2018**
    in County of **LOS ANGELES**, State of California.

2.  At least 40 days have elapsed since Decedent's death, as shown in a certified copy of the decedent's death certificate attached to this affidavit or declaration.

3.  [Check one of the following two statements, as appropriate:]

    ☑ No proceeding is now being or has been conducted in California for administration or the Decedent's estate.

    ☐ The decedent's personal representative has consented in writing to the payment, transfer, or delivery to the affiant or declarant of the property described in the affidavit or declaration.

4.  The current gross fair market value of the decedent's real and personal property in California, excluding the property described in California Probate Code Section 13050, does not exceed one hundred sixty six thousand two hundred and fifty dollars ($166,250).

5.  A.  At the time of death, Decedent was the owner of the following account(s) at JPMorgan Chase Bank, N.A. ("Bank"): Account No(s). **000003173774437**

    B.  Decedent was the owner of the contents of Safe Deposit Box No. _____ at the _____ branch of Bank.

6.  The following are all of the successors of the Decedent (as defined in Section 13006 of the California Probate Code) to the described property.

| Name | SSN | Relationship to Decedent, if any |
|------|-----|----------------------------------|
| **CHERRELL ANN BUTLER** | 559 - 31 - 1090 | **NIECE** |
| | | |
| | | |
| | | |
| | | |
| | | |

7.  [Check one of the following two statements, as appropriate:]

    ☑ The affiant(s) or declarant(s) is/are all of the successors of the Decedent (as defined in Section 13006 of the California Probate Code) to the decedent's interest in the described property.

    ☐ The affiant(s) or declarant(s) is authorized under Section 13051 of the California Probate Code to act on behalf of the successor of the decedent (as defined in Section 13006 of the California Probate Code) with respect to the decedent's interest in the described property.

M0902-16 (01/20)                                        - 1 -

## Exhibit B (page 1 of 2)

8.  No other person has a superior right to the interest of the Decedent in the described property.

9.  Affiant(s) or declarant(s) request(s) that the described property be paid, delivered, or transferred to the affiant(s) or declarant(s).

10. Affiant(s) or declarant(s), individually and collectively, agree to hold Bank harmless from all liability, damage or expense, including but not limited to court costs and attorney's fees it may incur by reason of any payment or delivery made of property by said Bank pursuant to this declaration.

11. Affiant(s) or declarant(s) affirm(s) or declare(s) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

X _Cherrell Ann Butler_____
**CHERRELL ANN BUTLER**

_____
(Signature of Declarant)

_____
(Signature of Declarant)

_____
(Signature of Declarant)

_____
(Signature of Declarant)

_____
(Signature of Declarant)

### CERTIFICATE OF ACKNOWLEDGMENT OF NOTARY PUBLIC

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF **LOS ANGELES**

On _11/12/2020_ before me, ~~CHERRELL ANN BUTLER~~ HAROLD A. UTOMAKILI, NOTARY PUBLIC (here insert name and title of the officer), personally appeared _CHERRELL ANN BUTLER_ _____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

HAROLD A. UTOMAKILI
COMM. # 2191377
NOTARY PUBLIC • CALIFORNIA
LOS ANGELES COUNTY
Comm. Exp. MAY 9, 2021

_____
Signature

(Seal)

NOTE: DEATH CERTIFICATE FOR DECEDENT MUST BE ATTACHED TO THIS DECLARATION.

NOTE: IF THE DECEDENT'S PERSONAL REPRESENTATIVE HAS CONSENTED TO THE PAYMENT, TRANSFER OR DELIVERY OF THE DESCRIBED PROPERTY TO THE AFFIANT OR DECLARANT, A COPY OF THE CONSENT AND OF THE PERSONAL REPRESENTATIVE'S LETTERS SHALL BE ATTACHED TO THE AFFIDAVIT OR DECLARATION.

**Exhibit B (page 2 of 2)**

Electronically FILED by Superior Court of California, County of Los Angeles 12/5/2019 4:16 PM Sherri R. Carter, Executive Officer/Clerk, By B. Gasper, Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND
FOR THE COUNTY OF LOS ANGELES

Probate Case No.       19STPB08880

Hearing Date           12/17/2019

Department             4

In the matter of the Estate of ALVIER LORCE BOYD, deceased.

## PROOF OF PUBLICATION
(2015.5 C.C.P.)

STATE OF CALIFORNIA,

County of LOS ANGELES

I am a citizen of the United States, over the age of eighteen years, and not a party to or interested in the above entitled matter. I am the principal clerk of the printer of the GRUNION GAZETTE, a newspaper of general circulation in the City of LONG BEACH, the city where the decedent resided at the time of his death or where decedent's property is located.

The GRUNION GAZETTE has been adjudged a newspaper of general circulation in said city by the Superior Court of LOS ANGELES, State of California, under date 11/07/2000 Case No. NS008242; that notice, of which the annexed is a printed copy, has been published by distribution in each regular and entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

11/21/2019, 11/28/2019, 12/05/2019

I certify (or declare) under penalty of perjury that the foregoing is true and correct.

_____
(Signature)

Date ___12/05/2019___

Executed at ___Los Angeles___, CA.

The residence address of the decedent or the location of the property as certified within the petition filed with the Court as provided by the attorney representing the estate or the estate representative is:

5901 DOWNEY AVE.
LONG BEACH, CA 90805

California Newspaper Service Bureau
P.O. Box 54026
Los Angeles, CA 90054
Telephone (213) 229-5500

**NOTICE OF PETITION TO ADMINISTER ESTATE OF:**
**ALVIER LORCE BOYD**
**CASE NO. 19STPB08880**
To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the WILL or estate, or both of ALVIER LORCE BOYD.
A PETITION FOR PROBATE has been filed by CHERRELL BUTLER in the Superior Court of California, County of LOS ANGELES.
THE PETITION FOR PROBATE requests that CHERRELL BUTLER be appointed as personal representative to administer the estate of the decedent.
THE PETITION requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.
A HEARING on the petition will be held in this court as follows: 12/17/19 at 8:30AM in Dept. 4 located at 111 N. HILL ST., LOS ANGELES, CA 90012
IF YOU OBJECT to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
IF YOU ARE A CREDITOR or a contingent creditor of the decedent, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) four months from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) 60 days from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.
YOU MAY EXAMINE the file kept by the court. If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.
In Pro Per Petitioner
CHERRELL BUTLER
11112 SOUTH NORMANDIE AVENUE
LOS ANGELES CA 90044
11/21, 11/28, 12/5/19
CNS-3315697#



# Exhibit C (page 1 of 1)

**CHASE ⬤**

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218-2051

April 12, 2019 through May 13, 2019
Account Number:   **000003173774437**

00016449 1 AV 00.383
ՄիիիիՄիՄիիիիիՄիիիիիՄիիիիՄիիիիՄիիՄիիիՄիիի

00016449 DRE 703 142 13419 YNYNNNNNNNN T  1 000000000 29 ᴚᴏᴏ651 P3439
ALVIER L BOYD, TRUSTEE
THE ALVIER L BOYD REVOCABLE LIVING TRUST
DTD 04/28/2003
1719 W 126TH ST
LOS ANGELES CA 90047-5257




| CUSTOMER SERVICE INFORMATION | |
| --- | --- |
| Web site: | Chase.com |
| Service Center: | 1-800-935-9935 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

**We want to remind you about the overdraft service options that are available for your personal checking account(s)**

We've included information on the last page of this statement to remind you about our overdraft services and associated fees. You can find more information about these services and ways to avoid overdraft fees at **chase.com/overdraft-services**.

If you have questions, please call us anytime at the number on your statement.

## CHECKING SUMMARY     Chase Premier Plus Checking

| | AMOUNT |
| --- | --- |
| Beginning Balance | $74,238.58 |
| Deposits and Additions | 0.64 |
| Ending Balance | $74,239.22 |
| | |
| Annual Percentage Yield Earned This Period | 0.01% |
| Interest Paid This Period | $0.64 |
| Interest Paid Year-to-Date | $3.02 |

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
| --- | --- | --- | --- |
| | Beginning Balance | | $74,238.58 |
| 05/13 | Interest Payment | 0.64 | 74,239.22 |
| | Ending Balance | | $74,239.22 |

A monthly Service Fee was **not** charged to your Chase Premier Plus Checking account.  Here are the two ways you can continue to avoid this fee during any statement period.
* **Have an average qualifying deposit and investment balance of $15,000.00 or more**
  (Your average qualifying deposit and investment balance was $74,238.00)

* **OR, authorize us to make automatic payments to your qualifying Chase mortgage from your Chase account.**
  (You do not have a qualifying Chase mortgage)

# Exhibit D  (page 1 of 2)



April 12, 2019 through May 13, 2019

Account Number:   **000003173774437**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:** Call us at 1-866-564-2262 or write us at the address on the front of this statement (non-personal accounts contact Customer Service) immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

For personal accounts only: We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared. Be prepared to give us the following information:
- Your name and account number
- The dollar amount of the suspected error
- A description of the error or transfer you are unsure of, why you believe it is an error, or why you need more information.

We will investigate your complaint and will correct any error promptly. If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC TRANSACTIONS:** Contact the bank immediately if your statement is incorrect or if you need more information about any non-electronic transactions (checks or deposits) on this statement. If any such error appears, you must notify the bank in writing no later than 30 days after the statement was made available to you. For more complete details, see the Account Rules and Regulations or other applicable account agreement that governs your account. Deposit products and services are offered by JPMorgan Chase Bank, N.A. Member FDIC

 **JPMorgan Chase Bank, N.A. Member FDIC**

# Exhibit D (page 2 of 2)

# CHASE ⬥

JPMorgan Chase Bank, N.A.
P O Box 182051
Columbus, OH 43218-2051

April 12, 2019 through May 13, 2019
Account Number: **000003173774437**

00016449 1 AV 00.383

00016449 DRE 703 142 13419 YNYNNNNNNNN T  1 000000000 29 000651 P3439
ALVIER L BOYD, TRUSTEE
THE ALVIER L BOYD REVOCABLE LIVING TRUST
DTD 04/28/2003
1719 W 126TH ST
LOS ANGELES CA 90047-5257



## CUSTOMER SERVICE INFORMATION

| Web site: | Chase.com |
|---|---|
| Service Center: | 1-800-935-9935 |
| Deaf and Hard of Hearing: | 1-800-242-7383 |
| Para Espanol: | 1-877-312-4273 |
| International Calls: | 1-713-262-1679 |

**We want to remind you about the overdraft service options that are available for your personal checking account(s)**

We've included information on the last page of this statement to remind you about our overdraft services and associated fees. You can find more information about these services and ways to avoid overdraft fees at **chase.com/overdraft-services.**

If you have questions, please call us anytime at the number on your statement.

## CHECKING SUMMARY   Chase Premier Plus Checking

| | AMOUNT |
|---|---|
| Beginning Balance | $74,238.58 |
| Deposits and Additions | 0.64 |
| Ending Balance | $74,239.22 |
| | |
| Annual Percentage Yield Earned This Period | 0.01% |
| Interest Paid This Period | $0.64 |
| Interest Paid Year-to-Date | $3.02 |

## TRANSACTION DETAIL

| DATE | DESCRIPTION | AMOUNT | BALANCE |
|---|---|---|---|
| | Beginning Balance | | $74,238.58 |
| 05/13 | Interest Payment | 0.64 | 74,239.22 |
| | Ending Balance | | $74,239.22 |

A monthly Service Fee was **not** charged to your Chase Premier Plus Checking account.  Here are the two ways you can continue to avoid this fee during any statement period.
* **Have an average qualifying deposit and investment balance of $15,000.00 or more**
  (Your average qualifying deposit and investment balance was $74,238.00)

* **OR, authorize us to make automatic payments to your qualifying Chase mortgage from your Chase account.**
  (You do not have a qualifying Chase mortgage)

# Exhibit D (page 1 of 2)



April 12, 2019 through May 13, 2019

Account Number:   **000003173774437**

**IN CASE OF ERRORS OR QUESTIONS ABOUT YOUR ELECTRONIC FUNDS TRANSFERS:** Call us at 1-866-564-2262 or write us at the address on the front of this statement (non-personal accounts contact Customer Service) immediately if you think your statement or receipt is incorrect or if you need more information about a transfer listed on the statement or receipt.

For personal accounts only: We must hear from you no later than 60 days after we sent you the FIRST statement on which the problem or error appeared.  Be prepared to give us the following information:

- Your name and account number
- The dollar amount of the suspected error
- A description of the error or transfer you are unsure of, why you believe it is an error, or why you need more information.

We will investigate your complaint and will correct any error promptly.  If we take more than 10 business days (or 20 business days for new accounts) to do this, we will credit your account for the amount you think is in error so that you will have use of the money during the time it takes us to complete our investigation.

**IN CASE OF ERRORS OR QUESTIONS ABOUT NON-ELECTRONIC TRANSACTIONS:** Contact the bank immediately if your statement is incorrect or if you need more information about any non-electronic transactions (checks or deposits) on this statement.  If any such error appears, you must notify the bank in writing no later than 30 days after the statement was made available to you.  For more complete details, see the Account Rules and Regulations or other applicable account agreement that governs your account. Deposit products and services are offered by JPMorgan Chase Bank, N.A.  Member FDIC

 JPMorgan Chase Bank, N.A. Member FDIC

# Exhibit D (page 2 of 2)

## John A. Thymes

Representative for Cherrell Butler
2405 South Corning Street, #20
Los Angeles, CA 90034
562) 650-5333

TO:   Executive Office                        Estate of Alvier Lorce Boyd, Decedent
      JP Morgan Chase Bank                    L.A.S.C. Case No.: 19 STPB 08880
      3415 Vision Drive
      Columbus, Ohio 43219

DATE:  May 25, 2020

Re:  Case Number:  ECW200131-01985-R1

Dear "Executive Office,"

I am in receipt of the attached letter dated April 30, 2020 regarding Estate of Alvier Lorce Boyd on behalf of Cherrell Butler.  The Court will not accept this letter, because it is not signed – there is no name, and no signature on it.  Please send me a letter stating everything in the attached letter, but with a responsible person's printed name and signature on it so I can file it with the Court.  Your April 30, 2020 letter mentions "discrimination."  Your letter is a prime example of DISCRIMINATION against the Estate of Alvier Lorce Boyd and Cherrell Butler, because it is not signed by anybody, does not cite the checking account number (instead citing a "Case Number ECW200131-01985-R1"), and does not come from your legal department.  There is nothing in your letter that demonstrates why Ms. Butler should not receive the money in Checking Account No.: 000003173774437.  If there is a "Trust" as claimed, Chase Bank has a duty to release the papers to me, John A. Thymes, Representative of Cherrell Butler.

As stated in my previous letter, the reason Nikki Samuels, Branch Manager for Chase Bank at 12645 S. Hawthorne Blvd., Hawthorne, CA 90250, *said* she couldn't release the funds in this account, Number 000003173774437, was that the account was in the name of a trust: THE ALVIER L. BOYD REVOCABLE LIVING TRUST.  This is wrong.  This case has nothing to do with a trust, and it is not a probate case.  There is no living trust.  There is no record of a Trust with the County Recorder.  There are no papers with the bank; no documents, and no proof of a "trust" other than what CHASE BANK *typed* on their statement.

CHASE BANK closed the account without my permission.  Cherrell Butler has always maintained and supervised the account; she is the custodian; she had power of attorney, she was the Representative for Alvier L. Boyd and handled all her affairs, paid all the bills, and the bank branch at that address is familiar with Cherrell Butler handling that account.

Chase Bank *claimed* they acquired the checking account from Washington Mutual when Washington Mutual went out of business.  However, there is no documentation or correspondence in the record showing that the account was transferred, and there is no record with HUD about any transfer.  Chase Bank has produced no evidence or proof of how they

# Exhibit E (page 1 of 4)

acquired that checking account from Washington Mutual. Chase Bank admits that they have the money, and have no reason to hold it. I am requesting that Chase Bank bring forward Proof and Documentation of Chase's acquisition of this checking account from Washington Mutual, which had been with Washington Mutual LONG before Chase said they took it over. If I have to take this to Court, I will Subpoena all records from Washington Mutual, from Housing and Urban Development (HUD) and Chase Bank regarding how Chase Bank got access to the Deceased Alvier Lorce Boyd's loan from Washington Mutual. I will also be asking for Costs.

I want to make it clear: There is no Trust; there are no documents with the bank, and no proof – only what CHASE BANK *typed* on the Statement. I would like to know why the money in this account cannot be released, as it is under $150,000.00, see Cal. Probate Code §§ 13100 and 13101. This case is a *civil* matter; it is NOT a probate case, and it is not about a trust.

I am requesting that you see that this branch of Chase Bank at 12645 S. Hawthorne Blvd., Hawthorne, CA 90250 reopens this account and releases the money. Nikki Samuels gave us the Form to take to the probate court, Case No.: 19 STPB 08880, which we did. I did everything that Nikki Samuels at the bank asked me to. The bank has no reason to hold this money. I ran it in the newspaper; there was no response or challenge, and Chase Bank at 12645 S. Hawthorne Blvd., Hawthorne, CA 90250 has no documents proving there is a Trust. Cherrell Butler provided bank statements, Driver's License, checkbook, Power of Attorney papers, and Contract saying that she is Representative for Alvier L. Boyd and responsible for all of Boyd's affairs. The Probate Court said it doesn't matter, as the amount is less than $150,000.00. The Probate Court told me they have no jurisdiction over the account, it is a civil matter, the amount is less than $150,000.00; it is a personal account and has nothing to do with real estate, or a trust, and it is not a probate case. I also talked with a probate attorney, who told me the same thing. Even the document that Nikki Samuels at Chase Bank gave me to fill out says the same thing.

Please send a written document to Chase Bank at Chase Bank at 12645 S. Hawthorne Blvd., Hawthorne, CA 90250 ordering the release of the funds held in Checking Account No.: 000003173774437. I have people I need to pay for their services in this matter per Cal. Probate Code § 13109:

> "A person to whom payment, delivery, or transfer of the decedent's property is made under this chapter is personally liable, to the extent provided in Section 13112, for the unsecured debts of the decedent. Any such debt may be enforced against the person in the same manner as it could have been enforced against the decedent if the decedent had not died. In any action based upon the debt, the person may assert any defenses, cross-complaints, or setoffs that would have been available to the decedent if the decedent had not died. Nothing in this section permits enforcement of a claim that is barred under Part 4 (commencing with Section 9000 ) of Division 7. Section 366.2 of the Code of Civil Procedure applies in an action under this section."

I would like a response in writing five (5) days from the day that you receive this letter – said response to be <u>signed</u>.

John A. Thymes, Representative for Cherrell Butler

May 25, 2020
Date

# Exhibit E (page 2 of 4)

**Executive Office (Mail Code OH4-7120)**
3415 Vision Drive
Columbus, OH 43219

**CHASE** 

April 30, 2020

000065 - 1 of 1 NSP0MCL0-Z1 0 000000
John A. Thymes
2405 South Corning Street, #20
Los Angeles, CA 90034

**We need a copy of the trust or a court order authorizing release of the funds**

Dear John A. Thymes:

We are responding to your complaint to us about the Estate of Alvier Lorce Boyd on behalf of Cheryl Butler. Please accept our condolences for your loss. Thank you for sharing your concerns.

We confirmed the account in question is a trust account and not a personal account of the decedent. In order to release the funds, we would need a court order authorizing such release, or the relevant pages of the trust agreement supporting turning over the account. California Probate Code Section 13100-13116 is inapplicable to this matter.

We take complaints that claim discrimination seriously. We do not tolerate any form of discrimination as it is strictly against our policy and contrary to our corporate culture. Your allegation of discrimination will be reviewed internally.

If you have questions, please call us at 1-877-658-5560 and reference case number ECW200131-01985-R1. We accept operator relay calls.

Sincerely,

Executive Office
1-877-658-5560
1-866-535-3403 Fax; it's free from any Chase branch
chase.com

Esta comunicación contiene información importante. Si tiene alguna pregunta o necesita ayuda para traducirla, comuníquese con nosotros llamando al 1-877-658-5560.

# Exhibit E (page 3 of 4)

# PROOF OF SERVICE

I, WILLIAM MABRY, **certify and declare:**

I am over the age of 18 years and not a party to the within action.  On May 25, 2020, I mailed the attached documents entitled letter to Executive Office, JP Morgan Chase Bank, with Enclosure to:

CHERRELL ANN BUTLER
1112 South Normandie Avenue, #6
Los Angeles, CA 90044

JOHN A. THYMES
2405 South Corning Street, #20
Los Angeles, CA 90034

Executive Office
JP Morgan Chase Bank
3415 Vision Drive
Columbus, Ohio 43219

Jamie Dimon
JP Morgan Chase Bank
1111 Polaris Parkway
Columbus, Ohio 43240

CEO, Mr. Jamie Dimon
And Chase LEGAL DEPARTMENT
JP MORGAN CHASE BANK, N.A.
270 Park Avenue
New York, NY 10017

JOE ANN at Chase Bank
JP MORGAN CHASE BANK, N.A.
Post Office Box 18251
COLUMBUS, oh 43218-2051

CHASE BANK
ATTN: KEISHA SMITH
(takesha.smith@chase.com)
OFFICER (NMLS ID # 1141304)
Consumer Banking (CA2-4128)
11344 Crenshaw Boulevard
Inglewood, CA 90303

JP Morgan Chase Bank
P.O. Box 182051
Columbus, Ohio 43218-2051

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of May, 2020 in the County of Los Angeles, State of California.

_William Mabry_
WILLIAM MABRY

# Exhibit E (page 4 of 4)

Page 3 of 3

# Cherrell Ann Butler
2405 South Corning Street, #20
Los Angeles, CA 90034
(323) 282-6480
13337 South Street #135
Cerritos, CA  900703-7308
(562) 650-5333 (message)
Cherrell.butlet@gmail.com

TO:   Kit James Gardner (SBN 161736)                    Case No.:  20-ST-cv-35174
      **LAW OFFICES OF KIT J. GARDNER**
      501 West Broadway, Suite 800
      San Diego, CA  92101
      kgardner@gardnerlegal.com
      Telephone: 619-525-9900
      Facsimile: 619-374-2241                           April 14, 2022

RE:   *Butler v. JPMorgan Chase Bank, N.A.*
      Los Angeles Superior Court Case No.: 20STCV35174
      Probate Case No.: 19STPB08880

Dear Mr. Gardner:

I will dismiss this state case.  You told the judge in state court that this is a probate case, when it is not.  You know that I have already been to Probate Court, Case No.: 19STPB08880, and the Probate Judge ruled that this is not a probate case, the State Court has no jurisdiction, and the Probate Judge ruled that this case cannot go to court based on JPMorgan Chase Bank, N.A.'s own Form to release the funds to family members, as it is less than $150,000.00.  Any ruling the state court makes in this case will be void, because it is not a probate case.

I am a family member.  I gave Proof to the bank that I have been handling my Deceased Aunt's affairs at JPMorgan Bank N.A. in Hawthorne since around 2009, Account No.: 000003173774437.  My Deceased Aunt became totally disabled around 2013, and passed away in 2018.  The bank Clerks are aware that I have been a very regular customer.  I'm taking this to federal court because state court does not have jurisdiction as banking laws are federal, and I have been, and am continually being injured by JPMorgan Bank N.A., which has caused me great stress and unnecessary hardship and expense with this needless denial of the funds.  Based on JPMorgan Chase Bank N.A.'s own documents and Forms, the Bank should have released the funds to me in 2019.

I have no choice but to file in federal court for damages, as JPMorgan Chase Bank, N.A. has no right to withhold the funds in my Deceased Aunt's Account No.: 000003173774437 by saying it is in a trust when it is not.  Based on California probate law, it does not matter whether it is a trust, an individual, or whatever, it is less than $150,000.00.

The Judge should have told you that the State Court has no jurisdiction, as this is not a probate case, and has no business being in Superior Court.  Jo Anne from JPMorgan Chase Bank, N.A. said that all she needed was a court order releasing the bank from responsibility.  THAT is why I

# Exhibit F (page 1 of 2)

went to Probate Court, to try to get an Order based on what Jo Ann from JPMorgan Chase Bank, N.A. told me to do, based on the bank's <u>own Form</u> and based on California Probate law.

I would appreciate that you go to your client, JPMorgan Chase Bank, N.A., and have them release the funds in my Deceased Aunt's account, which I am entitle to as her niece and caretaker for more than 15 years based on California Probate law, and based on the bank's own Form.  Please respond within 10 days to avoid the necessity of a suit in federal court.

ss  Cherrell Ann Butler

April 14, 2022

# Exhibit F (page 2 of 2)